The opinion of the Court was delivered by
Wardlaw, J.
Let it be considered that the plaintiff has all the rights, which would pertain to him if ordinary letters' of administration on the 'estate of S. J. Wesberry had been granted to him, after the levy and before the sale by the sheriff; and further that the visible effects,, which have been *478 sold by tbe,sheriff, constituted the whole of the said estate. It must also on the other hand, be understood, as was admitted in argument, although it seems doubtful in the report, that no notice of the plaintiff’s claim was given to the sheriff ■before the sale.
Several cases in our Court of Equity (Rutledge vs. Rutledge, 1 McC. Ch. 471; Keckly vs. Keckly, 2 Hill, Ch. 257) seem to have declared that the order for payment of debts by an executor or administrator, which is prescribed by the Act of 1789 (5 Stat. 111, § 26) refers only to such assets in the hands of an executor or administrator, as remain after satisfaction of the liens which existed at the death of the testator or intestate. These cases rest mainly upon two earlier cases in that Court — viz.: first, The Commissioner vs. Greenwood, 1 Des. 452, 600, where the levy had been made in the debtor’s lifetime, and there was neither executor nor administrator; and second, Brown vs. Gilliland, 3 Des. 542, where it seems to have been conceded that a slave sold by an executor, under an order from the Ordinary, was, in the hands of the purchaser liable to the lien of a ft. fa. against the testator, which was lodged in his lifetime. (See 2 Rich. Eq. 254, 258.)
It may be that in a far stronger case than the plaintiff now presents, debts which in the prescribed order have precedence of executions, would be obliged to yield to general liens that had effect at the death of a testator or intestate; and I do not pretend to know whether the Court of Equity would in any case maintain the priority of “ funeral and other expenses of the last sickness” over an execution, nor, if it would, what would be the mode of proceeding. But I know that a sheriff is bound under the exigency of a fi.fa. to make and pay over money without delay, and I would not listen to an excuse for his neglect of the duty to pay what he had made, urged upon the ground that an administrator demanded the money and said that funeral expenses had not been paid. In some other way, and not by action against the sheriff for proceeds *479 of a sale under execution, must tbe administrator or tbe person wbo paid tbe funeral expenses, present bis claim, if be would render it plausible.
In our case of Salvo & Wade ys. Schmidt, 2 Spear, 512, whilst a landlord, wbo took goods under a distress warrant, issued before tbe death of tbe tenant, but levied after, was held answerable as executor de son tort for tbe funeral expenses, tbe argument distinguishes between a distress warrant which does not have a lien, and a fi.fa., which has, but admits that tbe case might have been different if there bad been a levy under tbe warrant before tbe death of the tenant;
Tbe motion is dismissed.
O’Neall, WhitNer, Glover, and Mukro, JJ., concurred.

Motion dismissed.